Mr. Poirier May it please the Court The case in front of us really is a case to try and obtain attorney's fees. And there are two basic arguments. One easy, the second a little bit harder. The first argument is that a claim for attorney's fees is somehow integrated into the underlying claim. That it's an inherent part of the relief. It's an argument that is made in the reply brief. And I think that argument is fairly quickly dispensed with. The claim for attorney's fees is a statutory right. It's separate. And it's predicated on a decision, a determination by the MSPB that Dolboy is the prevailing party. So that one I think is fairly easy and I don't think the Court will have any trouble with it. The second one is Mr. Dolboy's argument that if only the case had not been declared moot, I could have reached the threshold I needed. In other words, if we decide the case is not moot, then the MSPB will go forward and say I should win. And then I'll have a premise that I can base my attorney's fees on. And that argument I think is a little bit tricky in terms of what kind of case law is in front of the Court. And I just wanted to make sure that I segregate out the time periods accurately because I'm not sure it was really fleshed out in the briefs in a way that makes it as clear as it could be. There are two separate issues depending on timing. The first decision is in December to terminate Mr. Dolboy as a probationary employee and he's not given his appeal rights. In February they rescind it and give him his back pay and then they almost immediately give him another notice of termination where they tell him he has his appeal rights. And that second termination is effective March 11th, 2005. Then the initial decision determining that the case is moot is issued in April, April 28th, 2005. So there's two separate issues. One is whether or not the case was moot in February as soon as the December removal action was rescinded and the back pay was rescinded. And the date of the action was moot on March 11th when the second termination took effect. Now I think it was moot at both times but there's different precedent that comes into play and so I wanted to make the distinctions here. Since the decision was moot. You never have to discuss the issue of whether it was moot immediately in February. If it was moot by March then it was moot when the decision was made. And it was definitely MSPB has such authority. The MSPB may think it has that authority but even assuming it has such authority, it may have had such authority in February, once he's been terminated a second time by March 11th, then they no longer have that authority. You can't, somebody who's terminated, you can't make him be rehired. Okay. Anyway, that is the Deleric case says that once the person has been totally fired then you can't get involved with deciding that he should be put on active duty instead of administrative leave. Okay. So I think that's a sufficient basis for the case because the only relief sought in this case was back pay and benefits and secondly to have their records corrected. And the board found the records were corrected and that supported substantial evidence in the record. And even Mr. Dolboy doesn't say he knows that the records weren't properly corrected. He only says, well I don't know for sure if they were. Okay. So the back pay, the records, everything's gone. The only remaining basis for his appeal is his claim that the issue is not moot because he was put in administrative leave rather than put back to active duty. I don't think you have to reach that issue for the reasons I just described because of the March events and the Deleric case and so forth. If you do reach that case, if you do reach that second issue as to whether or not the board has the power to get itself involved and whether the employee is put on administrative leave, I would respectfully caution you that perhaps you might want to seek some further briefing on that issue because it was not completely addressed in the briefs below. And let me say it this way. The MSPB has a long line of cases and I scripted them out here and I could run them through for you, saying that when you rescind a removal action, you have to put the employee back into active duty. I don't believe that's the case. But it is existing authority at the MSPB. None of the cases, and I'll cite them for you in a minute, none of the cases to cite to any statute or any federal case law, they only cite to other MSPB statements to that effect and I don't believe that's the case. That stated just as a proposition, it sounds kind of self-evident that if a person was working and they get fired, then the remedy is to give them the job back. So I wonder whether those cases are really, I mean, what are they saying as opposed to what? Right. I mean, you can't simply... My position, no, withdraw. Our position, Your Honor, is that under the Civil Service Reform Act, the agencies were given broad discretion to manage the workforce and from penalty cases, I'm sure you're well familiar, anything that serves the efficiency of the service is permitted. And there are only limited exceptions that define the jurisdiction of the MSPB and those are adverse personnel actions. In other words, if it's not an adverse personnel action, the agency is involved with how the agency decides to run its workforce. So the agency, when you... I think that the trick comes from the phrase status quo ante. What are you being returned to? And I think that the court should consider, and this is something that hasn't been fully briefed and perhaps if you get to this point, you should ask for the brief time. But when the adverse action is rescinded and the employee is returned to the status quo ante, they're returned to the same position they were in before. In other words, they're returned to the same, subject to the same discretion of the agency to run its workforce that existed prior. And it's undisputed that, in general, the agency has broad discretion to place an employee on administrative leave, especially an employee, as in this case, where it's alleged to have made threatening remarks. And so if the employee is returned to his job status, he's returned to the same status he was on, say, December 14th, the day before the first removal action. On that day, the agency would have been free to put him on administrative leave so long as it were paid. Now, there may be certain limits in terms of constructive suspensions and so forth, but... What consequences flow from being on administrative leave on such things as accrual of retirement credit and so forth? Are there consequences that the difference between administrative leave and active duty that would affect a person's rights with respect to such things as accrual of leave and so forth? I'm not aware of that, and my understanding is it's the same. And certainly, that was not part of Mr. Doboy's claim. In other words, he didn't say... So paid leave is basically saying, stay home, don't come in. Right. And that's... And it's still contributed to... And your contention is that the agency, in a run-of-the-mind MSPB case, if I'm understanding your argument, you're saying, ordinary MSPB case, MSPB says, Department of Justice, you fired this fellow inappropriately, and the Department of Justice can lawfully respond by saying, okay, he's on... We're returning him to duty, but immediately putting him on administrative leave, so he's going to stay home for the next 14 years until he's eligible for retirement. We'll pay him, and he'll accrue leave and so forth. Is that where you are going with this? Well, I'm not saying that there's no outside limits on how a person can be put on administrative leave, because I don't think that's really an issue. In other words, there may be some lengths of time where administrative leave or some... There may be some circumstance where it's an abuse to place an employee on administrative leave. I'm not sure about that. But certainly, in the context of these cases, and the other side hasn't had a chance to respond to this, but I think that in the context of these cases where there's a small amount of time, relatively, 30 days perhaps, then that is clearly within the discretion of the agency, and it doesn't rise to the level of adverse personnel action. And that was conceded, I think, by all parties and found by the judge in this case, that ordinarily being placed in administrative leave is not an adverse personnel action, and it's not typically give rise to a right to go to the MSPB. Well, neither have a 13-day suspension, but as you know, you can't go to the MSPB if you don't... I don't suppose that the agency could say in a situation where, well, maybe your position is different from the supposition, but if the agency said, well, all right, we've been reversed by the MSPB. They've said, go back, reinstate this person. We will reinstate him, but we're going to start him off with a 13-day suspension. Do you think that would be okay? Well, that's the suspension is different. Suspension, you do lose pay. Well, I know. It's a different situation. My argument was the reason administrative leave is not a problem is because that wouldn't be an appealable action to the MSPB in the first place. There's another line of cases that comes in. Are you with me on that, lining up those two arguments? Right, but it's still a penalty, and there's a different line of cases that cover that situation, Your Honor, that the Hillel case, I have the site here. Hillen? Himmelsack case. That's one where they reduced the penalty to get below the jurisdictional minimum, and they said, well, we look at the jurisdiction of the MSPB at the time that the action is initially taken, and the only way that it becomes moot is if the entire penalty is rescinded. In this case, the entire penalty was rescinded. In other words, all back pay, all records were changed, and so forth. So that's a slightly different situation. What I'm suggesting, it is anomalous that we are creating jurisdiction for the MSPB that it doesn't ordinarily have, because there was a rescission. That, I suggest, is wrong. The only situation where something like that might be appropriate, I think, is when you have temporary action. There's a specific statutory provision for the MSPB to have temporary action and implementing regulations that permit, when there's been a finding by the MSPB, that the employee is entitled to some kind of temporary relief pending appeal, and that's in statute is 5 U.S.C. 7701 B2. In that case, Congress has specifically told the MSPB, in these certain circumstances, you can become more involved. You can order the agency how they're going to have to treat their employee during the appeal process, and it's specifically addressed. And that's a little bit different. But in other words, in general, I don't think, in general, I think that when you're returning an employee to the status quo ante, you're returning them only to the same position that they would have been in otherwise. And in this case, I think that's subject to the reasonable and ordinary prerogatives of the agency. Now, having said all this Mr. Correa, your time's expired. Do you have any final thought for us? One last final thought. It was found by the board that, as a factual matter, he was put on active duty for an hour, and that would be sufficient. But my concern is, if the court relies on that hour, the court that will be making, for the first time, a holding, that it is required that you be put on active duty. Okay. Thank you, Mr. Correa.